# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM THOMAS WOODS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 14-CV-329-JED-PJC |
| | ) |
| ROBERT PATTON, Director, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Doc. 7). Petitioner, a state inmate appearing *pro se*, filed a response (Doc. 9) to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons stated below, the motion to dismiss shall be granted and the petition shall be dismissed with prejudice.

## *BACKGROUND*

Petitioner challenges his convictions entered in Tulsa County District Court, Case No. CF-2005-4677. *See* Doc.1. The record reflects that on March 9, 2006, the Tulsa County District Judge found Petitioner guilty after accepting his pleas of guilty to Robbery With a Firearm (Count 1), Eluding an Officer (Count 2), and False Impersonation (Count 3), all After Former Conviction of Two or More Felonies. (Docs. 8-1, 8-2). On that date, Petitioner was sentenced to twenty-five (25) years imprisonment on Count 1, and to five years on each of Counts 2 and 3, all to be served concurrently. (Doc. 8-2). Petitioner did not file a motion to withdraw pleas and did not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals (OCCA). During his plea proceedings, Petitioner was represented by attorney Richard Couch.

More than five (5) years later, on May 9, 2011, Petitioner filed an "application for appeal out-of time." (Doc. 8-3). The state district court denied the application by order filed June 17, 2011. (Doc. 8-6). Petitioner appealed to the OCCA. By Order filed December 20, 2011, in Case No. PC-2011-635, the OCCA affirmed the denial of Petitioner's request for an out-of-time certiorari appeal, but remanded for further proceedings on Petitioner's post-conviction claims that his attorney misadvised him about his parole eligibility, that such information was critical to his decision to plead guilty, and that he did not discover counsel's misrepresentation until lapse of his opportunity to appeal. (Doc. 8-7).

On February 8, 2012, the district court judge entered an "original journal entry of the District Court's final judgment on remand from the Court of Criminal Appeals." (Doc. 8-8). Upon review of the affidavit of Mr. Couch, Petitioner's attorney, the district judge found that the affidavit rebutted Petitioner's allegations. *Id.* For that reason, the district judge determined that Petitioner was not entitled to post-conviction relief. *Id.* Petitioner appealed. By Order filed June 20, 2012, the OCCA remanded for further post-conviction proceedings, finding that the district court "failed to afford Petitioner a fair opportunity to counter the State's Response and its supporting new evidence from Petitioner's former counsel – evidence in the form of an affidavit that was not a part of the District Court record at the time of Petitioner's post-conviction application." (Doc. 8-9 at 4).

After the second remand, the district court appointed attorney Stan Monroe to represent Petitioner. *See* Doc. 8-11. On August 9, 2012, the district court conducted a "full evidentiary hearing" on the issues raised by Petitioner. Thereafter, in an order filed August 14, 2012, the district court granted Petitioner's application for post-conviction relief and modified his sentence to twenty (20) years imprisonment on Count 1, to run concurrent with the sentences previously entered on

Counts 2 and 3. *Id.* at 5. The court also explicitly stated that the sentences would be administered pursuant to the 85% Rule. *Id.* On August 27, 2012, a Modified Judgment and Sentence was filed of record. (Doc. 8-12). Petitioner again appealed in Case No. PC-2012-838. On December 3, 2012, the OCCA consolidated Case Nos. PC-2011-635 and PC-2012-838, and found that Petitioner had failed to prove that his trial counsel ever told him that he would be eligible for parole consideration upon serving only one third of the twenty-five (25) year sentence should Petitioner choose to accept the plea offer and enter a plea of guilty. (Doc. 8-13 at 4-8). For that reason, the OCCA reversed the judgment granting post-conviction relief and remanded to the district court for reinstatement of the original sentence. *Id.* at 8-9.

Thereafter, on January 31, 2013, the district court entered a "Modified as Per Mandate Judgment and Sentence," reflecting Petitioner's sentence of twenty-five (25) years imprisonment for the crime of Robbery With Firearm, AFCF. (Doc. 8-14). Petitioner appealed the modified judgment and sentence. *See* Doc. 8-15. By Order filed September 17, 2013, the OCCA assumed jurisdiction and directed the district court to vacate its order of resentencing and modification and to show the original Judgment and Sentence, imposed against Petitioner on March 9, 2006, to be in full force and effect. (Doc. 8-16).

The Clerk of Court received Petitioner's federal petition for writ of habeas corpus for filing on June 18, 2014.[1] (Doc. 1). In his petition, Petitioner raises two (2) grounds of error, as follows:

Ground 1: The petitioner was denied effective counsel under the 6th Amendment of the U.S. Constitution.

Ground 2: The trial court erred when not advising petitioner he was subject to the 85% Rule, denying him his 5th & 14th U.S. Constitutional Amendments.

---

[1]Petitioner avers, under penalty of perjury, that he placed his petition in the prison mailing system on June 1, 2014. *See* Doc. 1 at 9. Thus, under the prisoner mailbox rule, the earliest file date for this petition is June 1, 2014. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

3

*Id.* Petitioner's ground 1 claim asserts ineffective assistance by attorney Couch. Respondent argues that consideration of Petitioner's claims is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). (Doc. 7).

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

4

In his habeas petition, Petitioner asserts that because he was not advised of the 85% rule when he entered his guilty pleas and because he received ineffective assistance of counsel when he entered his pleas, his pleas were not voluntarily entered and he should be allowed to withdraw his pleas. Application of the provisions of § 2244(d)(1)(A) leads to the conclusion that the petition was filed after expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his guilty pleas in Case No. CF-2005-4677, his convictions became final ten (10) days after the March 9, 2006, pronouncement of his Judgment and Sentence, or on Monday, March 20, 2006. *See* Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his convictions, including the claims raised in the instant petition, began to run under § 2244(d)(1)(A) on March 21, 2006. *Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ of habeas corpus filed after March 21, 2007, would be untimely. *United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

The running of the limitations period is tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period. 28 U.S.C. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998). Petitioner did not file his application for post-conviction relief until May 9, 2011 – more than four (4) years after the March 21, 2007 deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43

(10th Cir. 2001). As a result, Petitioner's post-conviction proceeding did not serve to toll the limitations period. Therefore, Petitioner's habeas petition appears to be untimely.

In response to the motion to dismiss, Petitioner argues that his claims based on the "85% rule" are timely. (Doc. 9). Petitioner asserts that, under 28 U.S.C. § 2244(d)(1)(D), his one-year limitations period did not begin to run until January 2011 (*see* Doc. # 8-3 at 2), the date he claims to have learned that his twenty-five (25) year sentence was being administered under the 85% Rule. He also argues that his conviction was not final until September 17, 2013, when the OCCA entered its final order remanding to the state district court for reinstatement of the original Judgment and Sentence, imposed against Petitioner on March 9, 2006. *See* Doc. 9 at 2.

Under 28 U.S.C. § 2244(d)(1)(D), the limitations period may begin to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The Oklahoma Department of Corrections ("DOC") Case Management policies require case managers to develop, upon an inmate's reception into DOC custody, an individualized accountability plan using an "Adjustment Review" form. *See* OP-060101, viewed at www.doc.state.ok.us. The form (DOC 060203A) contains information concerning an inmate's sentence, including whether it falls under the 85% rule. *See id.* Respondent provided a copy of the "Adjustment Review" form completed for Petitioner on June 23, 2006. (Doc. 8-4). The form bears Petitioner's signature. *Id.* at 2. Respondent also provided forms signed by Petitioner on September 15, 2006, January 8, 2007, and August 9, 2007. (Doc. 8-5). Without exception, those forms clearly state that Petitioner's sentence was being administered pursuant to the 85% Rule and that his "parole date" was November 1, 2026. *Id.* Thus, the "Adjustment Review" forms provide compelling evidence that Petitioner became aware, or could have become

aware through the exercise of due diligence, that his sentence fell under the 85% rule as early as June 23, 2006, when he met with his case manager to review the administration of his sentences. The fact he later learned from "a friend" that Oklahoma law required a defendant to be informed of the 85% rule prior to pleading guilty is irrelevant to application of § 2244(d)(1)(D).[2] *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000); *see also Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("[T]he trigger in Section 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance."). The Court finds that, under § 2244(d)(1)(D), Petitioner's one-year limitations period began to run, at the latest, on June 24, 2006, and his deadline for filing a timely petition for writ of habeas corpus was June 24, 2007.

The Court further finds that the resolution of Petitioner's post-conviction proceedings did not restart the limitations period under either § 2244(d)(1)(A) or § 2244(d)(1)(D). First, as discussed above, Petitioner's convictions became final, as required under § 2244(d)(1)(A), on March 20, 2006, when the time for seeking direct review expired. Furthermore, the post-conviction proceedings did not toll the limitations period under § 2244(d)(2). In addition, the conclusion of post-conviction proceedings in state court did not serve to restart the running of the one-year clock under any of the remaining three possible trigger provisions of § 244(d)(1). Under § 2244(d)(1)(D), the significant date is when Petitioner learned of the factual predicate of his claims, not when his post-conviction proceedings concluded in state court. The final outcome of Petitioner's post-conviction efforts was reinstatement of the original judgment and sentence as entered on March 9, 2006. Thus, the post-

---

[2] At the evidentiary hearing held in state court, Petitioner testified that when he told "a friend" that he had not been advised about the 85% Rule when he entered his guilty pleas, "that's when he informed me there was a law. I didn't even know it until he told me. That's when we proceeded to file the proper paperwork." *See* Doc. 1, Ex. E at 13.

conviction proceedings had no impact on the finality of Petitioner's convictions. For those reasons, the Court rejects Petitioner's argument that his one-year limitations period did not begin to run under either § 2244(d)(1)(A) or § 2244(d)(1)(D) until September 17, 2013, when he learned that he was not entitled to post-conviction relief.

Petitioner's petition, filed June 1, 2014, is time-barred under both § 2244(d)(1)(A) and § 2244(d)(1)(D) unless he is entitled to equitable tolling. To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" *Id.* (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Petitioner argues only that he is entitled to statutory tolling. He does not assert entitlement to equitable tolling. The record does not suggest that Petitioner pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Lastly, Petitioner does not claim to be actually innocent of the crimes for which he was convicted. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010) ("Where . . . a petitioner argues that he is entitled to equitable tolling because he is actually innocent, . . . the petitioner need make no showing of cause for the delay."); *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) ("A claim of actual innocence may toll the AEDPA

statute of limitations."). In this case, Petitioner pled guilty to the charges filed in Case No. CF-2005-4677. At the hearing held in his post-conviction proceeding, Petitioner confirmed that he plead guilty to the charges because he was guilty. *See* Doc. 1, Ex. E at 12. Therefore, Petitioner cannot overcome the limitations bar through a claim of actual innocence.

The petition for writ of habeas corpus is clearly time barred. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice.

## Certificate of Appealability

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of the petition as time barred is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit

9

Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Doc. 7) is **granted**.

2. The petition for writ of habeas corpus (Doc. 1) is **dismissed with prejudice.**

3. A certificate of appealability is **denied**.

4. A separate Judgment shall be entered in this matter.

ORDERED THIS 4th day of November, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE